**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | **ORDER GRANTING, IN PART,** |
| Plaintiff, | ) | **DEFENDANT'S PETITION FOR** |
| | ) | **HABEAS CORPUS RELIEF** |
| vs. | ) | **UNDER 28 U.S.C. § 2255** |
| | ) | |
| Curtis Feather, | ) | |
| | ) | Case No. 1:03-cr-022 |
| Defendant. | ) | |
| _____ | ) | |
| | ) | |
| Curtis Feather, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 1:04-cv-127 |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |

Before the Court is the Defendant's pro se habeas Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, filed on December 6, 2005. On December 9, 2005, the Court reviewed the motion and ordered the Government to file a response. On February 1, 2006, the Government filed a response requesting that the Court deny Feather's motion for post-conviction relief. For the reasons set forth below, the motion is granted, in part.

## I.    BACKGROUND

On April 22, 2003, the defendant, Curtis Feather, was charged in a four-count indictment. Count One charged Feather with Resisting, Opposing, and Impeding a Federal Officer. Counts Two and Three charged Feather with Assault With a Dangerous Weapon. Count Four charged Feather

with Damage to United States Property.  See Docket No. 1.  On June 23, 2003, Feather pled guilty

to all four counts.  See Docket No. 19.  Feather's plea agreement included the standard waiver of

appeal rights which provided as follows:

> The defendant is aware of the right to appeal provided under Title 18, United States
> Code, Section 3742(a).  The defendant hereby waives this and any right to appeal the
> Court's entry of judgment against him and waives any right to appeal the imposition
> of sentence upon him under Title 18, United States Code, Section 3742(a), including
> any issues that relate to the establishment of the Guideline range that is established
> at sentencing.  The defendant further waives all rights to contest his conviction or
> sentence in any post-conviction proceeding, including one pursuant to Title 28,
> United States Code, Section 2255.  The defendant specifically acknowledges that the
> Eighth Circuit Court of Appeals has upheld the enforceability of a provision of this
> type in United States v. His Law, 85 F.3d 379 (8th Cir. 1996).  Therefore, the
> defendant understands that any appeal or other post-conviction relief that he might
> seek should be summarily dismissed by the Court in which it is filed.

See Plea Agreement, ¶ 26.

The Presentence Investigation Report (PSR) determined that Feather qualified as a career

offender under Section 4B.1.1(a) of the Sentencing Guidelines.[1]   That determination was based

upon the fact that the instant offense involved a crime of violence and Feather had two prior felony

convictions for crimes of violence.  Specifically, Feather had one previous conviction as an

accomplice to burglary and two other burglary convictions in Ramsey County, North Dakota.[2]  See

PSR, pp. 13.  Following Section 4B1.1(a) of the Sentencing Guidelines, the offense level was 32

based on the fact that Count One was punishable by a maximum term of 20 years.  See PSR, p. 9.

---

[1]As contemplated by the plea agreement, the PSR applied the November 2002 United States Sentencing
Commission Guidelines Manual.  See Plea Agreement, p. 6; PSR, p. 6.

[2]The Government attached copies of each criminal complaint regarding the burglary convictions.  Feather
was charged with accomplice to burglary of Harold's Pawn Shop which occurred on or about June 27, 1994.  See
Government's Ex. 1.  Feather was also charged in separate two-count complaints/informations with burglary of
Ray's Standard on August 24, 1995, and the Senior Citizen Center on August 27, 1995.  See Government's Ex. 2.
The complaints/informations in all three cases were filed on August 29, 1995.  On November 27, 1995, Feather was
sentenced in all three cases to a three-year term of imprisonment with one year and six months suspended.  See
Government's Ex. 3.  All three sentences were ordered to run concurrently.

The PSR contemplated a three-level downward departure for "acceptance of responsibility" under Section 3E1.1(a) and (b), yielding a total adjusted offense level of 29.  With a Criminal History Category VI (as required by Section 4B1.1(b)), this resulted in a guideline range of 151-188 months.  See PSR, p. 17.  Feather objected to the PSR determination that he qualified as a career offender and also objected to the determination that his burglaries constituted crimes of violence.

At sentencing on August 29, 2003, Feather reiterated his objection to the PSR determination that he qualified as a career offender under Sections 4B1.1 and 4B1.2.  See Transcript of Sentencing Proceedings, pp. 11-14.  The Government opposed the objection, but consented to allowing Feather to appeal any determination that he constituted a career offender despite the waiver contained in the plea agreement.  As stated by the Assistant United States Attorney, "I would consent to his ability to appeal if the Court does impose the career offender guideline in this case on that issue alone."  Id. at 7.

This Court rejected Feather's objections and adopted the Guideline calculations in the PSR.  The Court found that Feather was a career offender based on the violent nature of the instant offense and the violent nature of the three previous burglary convictions.  The Court cited well-established case law in the Eighth Circuit holding that all burglaries, commercial or otherwise, constitute crimes of violence for purposes of Section 4B1.2.  Id. at 14-15.  Feather was sentenced to a term of 180 months, within the guideline range of 151-188 months.  See Docket No. 22.

On September 3, 2003, Feather filed a notice of appeal to the Eighth Circuit Court of Appeals.  See Docket No. 23.  On appeal, Feather argued that his three burglary convictions should have been considered a single conviction.  See United States v. Feather, 369 F.3d 1035, 1036 (8th Cir. 2004).  Feather also argued that those convictions were not crimes of violence.  In a per curiam decision, the Eighth Circuit affirmed this Court's finding on both issues.  369 F.3d 1035, 1037.

3

Feather's subsequent petition for writ of certiorari to the United States Supreme Court was denied on November 29, 2004.  See Feather v. United States, 543 U.S. 1014 (2004).

On December 6, 2005, Feather filed the present motion under 28 U.S.C. § 2255.  Feather raises numerous issues in his petition: (1) he contends that his sentence violates the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution because a judge rather than a jury made the findings of his prior convictions;[3] (2) he contends that he is entitled to an evidentiary hearing and a formal motion before application of the career offender provision; (3) he contends that his sentence exceeds the statutory maximum sentence on Counts Two, Three, and Four; and (4) he raises an ineffective assistance of counsel argument.

---

[3]Feather's petition summarizes his arguments under the Fifth, Sixth, and Fourteenth Amendments as follows:

(A) No Evidentiary Hearing was held on application of Career Criminal Enhancement.  (B) No formal motion filed for Career Criminal enhancement.  (C) Factual basis for Guilty Plea, did not contain Career Criminal Enhancement.  (D) Prior convictions used for Career Criminal were not established through procedures satisfying the Fair Notice, Reasonable Doubt, and Jury Trial guarentees [sic].  (E) Prior were functionally consolidated, and those convictions were factually and logically related and sentencing was joint.  (F) Objection to PSI should have triggered right to evidentiary hearing.
. . .
(A) The Career Criminal Enhancement was based on Judge found facts, thus violates jury trial right.  (B) Career Criminal Enhancement, being a purpose to intimidate, must be treated as a material element, and decided by a jury.  (C) To never stipulate to the relevant facts, or consented to Judicial Factfinding fot [sic] the Judicial sentence enhancement.  (D) Prior convictions used for criminal enhancement, were not established though procedure satisfying fair notice, Reasonable Doubt, and Jury Trial Guarantee.

See Docket No. 1, pp. 5-6.

## II.   **LEGAL DISCUSSION**

### A.   **WAIVER**

Feather's plea agreement contained a waiver of his appellate rights and his right to Section

2255 post-conviction relief.[4]  See Plea Agreement, ¶ 26.  It is well-established that a defendant is

allowed to waive his appellate rights.  See United States v. Aronja-Inda, 422 F.3d 734, 737 (8th Cir.

2005).  The general rule of law was extended in the Eighth Circuit opinion of Deroo v. United

States, 223 F.3d 919, 923 (8th Cir. 2000), wherein the Court held that defendants may also waive

Section 2255 collateral-attack rights.  Several factors must be proved by the Government in order

to establish the validity and applicability of any waiver in a given case.  First, it must be shown that

the issue(s) raised by the defendant on appeal or post-conviction relief fall within the scope of the

---

[4]The Government also contends that Feather's petition is untimely.  A one-year period of limitation applies to habeas petitions under Section 2255.  See 28 U.S.C. § 2255.  The one-year period begins to run from the latest of the following:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

In this case, Feather has made arguments under the United States Supreme Court decision of United States v. Booker, 543 U.S. 220 (2005).  However, Feather cannot argue that the one-year period of limitation would run from the date of the Booker decision.  The Eighth Circuit has held that Booker did not create a "new rule" and does not apply retroactively.  See Never Misses a Shot v. United States, 413 F.3d 781 (8th Cir. 2005).  As a result, Feather's one-year period of limitation must run from the date his conviction became final, namely November 29, 2004, which was the date his petition for writ of certiorari was denied by the United States Supreme Court.  See Feather v. United States, 543 U.S. 1014 (2004).

By the Court's calculation, Feather's one-year period of limitation expired on November 29, 2005.  Feather's petition was filed on December 6, 2005.  See Docket No. 34.  However, the prison mailbox rule dictates that the date of filing date for purposes of Section 2255 is the date on which the prisoner deposits the petition in the prison mailing system.  See Moore v. United States, 173 F.3d 1131, 1135 (8th Cir. 1999).  In his petition, Feather states that he placed the petition in the prison mailing system on November 30, 2005.

It seems that Feather's petition is, at the most, one day late.  While the Government makes a strong argument that even a single day constitutes untimeliness, the Court will not dismiss Feather's petition for failure to comply with the one-year period of limitation.  Feather is representing himself in these proceedings and the Court will give him the benefit of the doubt in determining whether the petition is timely.

waiver.  See United States v. Andis, 333 F.3d 886, 889-890 (8th Cir. 2003).  Second, it must be

shown that the waiver was entered into knowingly and voluntarily.  Id.  Lastly, it must be shown that

enforcement of the waiver would not constitute a miscarriage of justice.  See United States v. Andis,

333 F.3d 886, 891 (8th Cir. 2003).  It is the Government that bears the burden on each of these

factors.

As previously explained, Feather's plea agreement contained a waiver of both his appellate

rights and his right to Section 2255 post-conviction relief.  See Plea Agreement, ¶ 26.  During the

change of plea hearing, the Court questioned Feather about the waiver.

> Q:    And in that plea agreement there's one provision that I want to visit with you
>       about.  It's paragraph 26.  It's found on page 11.  Do you have that in front
>       of you?
> A:    Yes
> Q:    That paragraph talks about your rights to appeal, and basically what it says
>       is that signing this plea agreement and changing your plea here, that you're
>       waiving any right that you have to appeal or to come back at some later date
>       and challenge the sentence that's imposed.    And, really, only one
>       circumstance where you preserve your right is if for some reason the Court
>       would depart upward from that Guideline range that we've talked about.  If
>       that ever occurred, you would still have a right to appeal that.  But in all other
>       circumstances, if the sentence that's imposed is within that Guideline range,
>       by signing this plea agreement you're waiving any right to come back at
>       some later date and appeal the sentence that's imposed in this case.  Do you
>       understand that?
> A:    Yes, I do.
> Q:    Do you have any questions at all about paragraph 26 of the plea agreement
>       that talks about that subject?
> A:    No, I don't.

See Transcript of Change of Plea Proceedings, p. 13.  Feather stated that he had a full understanding

of the plea agreement and had not been forced or threatened to plead guilty.  Id. at 12. At sentencing,

the Government deviated slightly from the plea agreement to allow Feather to appeal the sole issue

of career offender status.   See Transcript of Sentencing Proceedings, p. 7.   However, the

Government did nothing to alter the plea agreement regarding post-conviction relief.

The Government concedes that two of Feather's claims are not precluded by the waiver. Feather's claim that his sentence exceeded the statutory maximum sentence falls within the so-called miscarriage of justice exception.  Under that exception, a defendant retains the right to appeal an illegal sentence despite the existence of a valid waiver provision.  "A sentence is illegal when it is not authorized by the judgement of conviction or when it is greater or less than the permissible statutory penalty for the crime."  United States v. Greatwalker, 285 F.3d 727, 729 (8th Cir. 2002) (citing United States v. Vences, 169 F.3d 611, 613 (9th Cir. 1999)); see also United States v. Peltier, 312 F.3d 938, 942 (8th Cir. 2002) (citations omitted) ("A sentence is illegal when it is not authorized by law; for example, when the sentence is 'in excess of a statutory provision or otherwise contrary to the applicable statute.'").  Following the miscarriage of justice exception, the Court finds that Feather's claim that his sentence exceeded the statutory maximum sentence on Counts Two, Three, and Four is not precluded by the waiver of post-conviction rights contained in the plea agreement.

Feather's claim of ineffective assistance of counsel is also exempt from the waiver.  The Eighth Circuit has held that "[a] defendant's plea agreement waiver of the right to seek section 2255 post-conviction relief does not waive defendant's right to argue, pursuant to that section, that the decision to enter into the pleas was not knowing and voluntary because it was the result of ineffective assistance of counsel."  Deroo v. United States, 223 F.3d 919, 924 (8th Cir. 2000).  An explicit waiver of the Sixth Amendment right to counsel, which explains the concept of ineffective assistance of counsel and the basic ramifications of waiving a claim that ineffectiveness influenced the signing of the plea agreement, would suffice.  See Chesney v. United States, 367 F.3d 1055, 1059 (8th Cir. 2004).  The waiver at issue in this case contains no specific Sixth Amendment language regarding ineffective assistance of counsel.   The Court finds that Feather's claim of ineffective assistance of counsel is not precluded by the waiver of post-conviction rights contained

7

in the plea agreement.

The Government contends, and the Court agrees, that all of Feather's remaining claims are precluded by the waiver provision. First, the remaining claims fall squarely within the scope of the waiver provision and are precluded. This includes Feather's claims under the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution that a jury rather than a judge must make findings of his prior convictions. See United States v. Smith, 413 F.3d 778, 780-781 (8th Cir. 2005). This also includes Feather's claims concerning the lack of an evidentiary hearing and formal motion for application of the career offender provision. Second, the record clearly reveals that Feather entered into the waiver knowingly and voluntarily. Feather's petition does not contend otherwise. The waiver was discussed at the change of plea hearing, and Feather acknowledged that he understood the waiver and its ramifications. See United States v. Andis, 333 F.3d 886, 890 (8th Cir. 2003) ("One important way a district court can help ensure that a plea agreement and corresponding waiver are entered into knowingly and voluntarily is to properly question a defendant about his or her decision to enter that agreement and waive the right to appeal.").

Finally, the Court finds that enforcement of the waiver as to these claims does not constitute a miscarriage of justice.[5] Feather's two remaining claims, that being his claim that the sentence exceeds the statutory maximum sentence on Counts Two, Three, and Four, and his claim of

---

[5]Even if the Court were to consider Feather's precluded claims, each is without merit. It is well-established that courts may take into account the fact of a prior conviction without the use of a jury. See Almendarez-Torres v. United States, 523 U.S. 224, 228 (1998). Nothing, to include the cases of United States v. Booker, 543 U.S.220 (2005), and Blakely v. Washington, 542 U.S. 296 (2004), altered that established principle. The Court acted properly in finding Feather's prior convictions without the aid of a jury.

Likewise, Feather's claim that he was entitled to an evidentiary hearing regarding the applicability of the career offender provision lacks merit. At the sentencing hearing, the Court gave the parties an opportunity to object to the PSR in accordance with Rule 32(i) of the Federal Rules of Criminal Procedure. At that time, Feather's attorney raised his objection to the application of the career offender provision, an objection the Court denied. See Transcript of Change of Plea Hearing Proceedings, pp. 11-16. The Government admitted, without objection, copies of the complaints and informations pertaining to Feather's prior convictions qualifying him for the career offender status. Feather is not entitled to any further evidentiary hearing on this matter.

ineffective assistance of counsel remain, will be addressed in turn.

**B.**     **ILLEGAL SENTENCE**

Feather contends that his sentence exceeded the statutory maximum as to Counts Two, Three, and Four. By law, the sentence for Counts Two and Three (assault with a dangerous weapon) may not exceed ten (10) years imprisonment. See 18 U.S.C. § 113(a)(2). Likewise, the sentence for Count Four (damage to United States property) may not exceed ten (10) years. See 18 U.S.C. § 1361. The sentence for Count One (resisting, opposing, and impeding an officer involving a deadly or dangerous weapon) may not exceed twenty (20) years. See 18 U.S.C. § 111(b).

The judgment reflects that Feather was sentenced to a term of imprisonment of 180-months (15 years). See Docket No. 22. The judgment did not delineate between the four counts. Such a sentence is lawful as to Count One, but exceeds the statutory maximum as to Counts Two, Three, and Four. To remedy the problem, the Court will amend the judgment to reflect a term of imprisonment of 120-months as to each of Counts Two, Three, and Four, with each sentence to run concurrent with the 180-month sentence on Count One.

**C.**     **INEFFECTIVE ASSISTANCE OF COUNSEL**

Feather also contends that his right to effective assistance of counsel has been violated. Feather's petition summarizes his claim as follows:

> (A) Counsel failed to determine the Defendant was eligible for Career Criminal Enhancement. (B) Counsels failer [sic] to object to the application of Guidelines that increased sentence, or demand evidentiary hearing is ineffective. (C) Counsel failed to amend and perfect appeal at Defendants request. (D) Counsel raised frivolous objection to application of Career Criminal Enhancement, and failure to motion for evidentiary hearing, after objection is ineffective.

See Docket No. 1, p. 9.

The Eighth Circuit outlined the claim for ineffective assistance of counsel as follows:

> To obtain relief based on a deprivation of the right to effective assistance of counsel, [the defendant] must prove two elements of the claim. First, [the defendant] "must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Strickland v. Washington, 466 U.S. 668, 687 (1984). In considering whether this showing has been accomplished, "[j]udicial scrutiny of counsel's performance must be highly deferential." Id. at 689. We seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. Id. Second, [the defendant] "must show that the deficient performance prejudiced the defense." Id. at 687. This requires [the defendant] to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

United States v. Thammavong, 378 F.3d 770, 772 (8th Cir. 2004).

Feather's primary contention is that his counsel was ineffective because he failed to determine that Feather would qualify as a career offender under Sections 4B1.1 and 4B1.2. At the sentencing hearing, Feather indicated that when he entered into the plea agreement, he contemplated a lower sentence due to the absence of the career offender provision. Feather stated that if he had known he would qualify as a career offender he may not have entered into the agreement at all. See Transcript of Sentencing Proceedings, pp. 17-18. Feather contends that his counsel's failure in this regard is tantamount to ineffective assistance.

The Government cites to the Eighth Circuit case of United States v. Granados, 168 F.3d 343 (8th Cir. 1999), for the proposition that such an oversight does not amount to ineffective assistance of counsel. In Granados, the defendant pled guilty to one count of conspiracy to possess with intent to distribute cocaine and was sentenced to a term of 175 months. After an unsuccessful appeal, the defendant filed a post-conviction petition under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The defendant's petition included a claim for ineffective assistance of counsel claiming

that his counsel promised him that the maximum sentence he would receive was five years imprisonment, far less than 175 months. The defendant stated that if he had known the ultimate sentence he would receive, he would not have agreed to plead guilty. Despite finding that counsel was ineffective, the district court denied the petition on the basis that the defendant was not prejudiced by the ineffectiveness. At the change of plea hearing, the defendant was informed of, and understood, the maximum possible sentence for the charge was forty (40) years imprisonment. Beyond that, nothing more is required.

On appeal, the Eighth Circuit rejected this same argument raised by Feather as follows:

> On appeal from the denial of post-conviction relief, Granados contends that ineffective assistance of his counsel prejudiced him because he would not have pleaded guilty if his attorney had informed him of the sentence he would receive under the Sentencing Guidelines. This argument is meritless because the law in this circuit is clear that a defendant who pleads guilty has no right to be apprised of the sentencing options outside the statutory maximum and minimum sentences. Thomas v. United States, 27 F.3d 321, 326 (8th Cir.1994). Furthermore, a defendant's reliance on an attorney's mistaken impression about the length of sentence is insufficient to render a plea involuntary as long as the court informed the defendant of his maximum possible sentence. See Roberson v. United States, 901 F.2d 1475, 1478 (8th Cir.1990). It is clear from the record that Granados was informed of his possible maximum sentence.[6]

Granados, 168 F.3d 343, 345 (footnote added).

The same situation presents itself in this case. At the change of plea hearing, the Court explained the maximum and minimum sentences.

> Q:     Okay. One of the things that I need to visit with you about is to make sure that you know what the maximum penalties and fines are for the charges that you've indicated that you're going to change your plea to guilty. There's four counts. The first count is – Count One is resisting, opposing, and impeding a federal officer. The maximum penalty for that charge is 20 years imprisonment, a $250,000 fine, three years supervised release, and a $100

---

[6] The Eighth Circuit ultimately reversed the district court's decision finding prejudice on unrelated grounds. See United States v. Granados, 168 F.3d 343, 345-46 (8th Cir. 1999).

special assessment.

Counts Two and Three are assault with a dangerous weapon.  Each of those counts carries a maximum penalty of 10 years imprisonment, a $250,000 fine, three years of supervised release, and each of those counts has a $100 special assessment that goes along with it.

Count Four is damage to government property.  That carries a ten-year maximum term of imprisonment, a $250,000 fine, three years supervised release, and a $100 special assessment.

So all four of those counts, the maximum penalties and fines that you are subject to are up to 50 years of imprisonment, a million-dollar fine, three years supervised release, and a $400 special assessment.  That's $100 per count.

Were you aware, Mr. Feather, that those are the maximum penalties?

A:     Yes, I was, Your Honor.

Q:     Okay.  Do you have any questions at all about those counts and those maximum penalties and fines that are available.

A:     No, sir.

See Transcript of Change of Plea Proceedings, pp. 8-9.  Under the circumstances, it is apparent that Feather's argument is foreclosed by Granados.  As the Eighth Circuit explained, a defendant need only be informed of the maximum sentence available.  See United States v. Granados, 168 F.3d 343, 345 (8th Cir. 1999).  A defendant may not claim ineffective assistance of counsel due to his own reliance upon an attorney's mistaken impression about the length of sentence so long as the Court informed the defendant of the maximum possible sentence.  Id.  Having been informed of the maximum penalty at the change of plea hearing, Feather cannot show that he was prejudiced by his counsel's alleged misrepresentations regarding the ultimate sentence.

Feather's remaining grounds for ineffective assistance of counsel suffer the same fate.[7]  With respect to each, Feather cannot meet his burden of showing that his counsel was ineffective, let alone that he was prejudiced by such alleged ineffectiveness.  Feather's attorney objected to the application

---

[7]To refresh, Feather's remaining grounds include: (1) counsel failed to object to the application of Guidelines that increased sentence, or demand evidentiary hearing is ineffective; (2) counsel failed to amend and perfect appeal at Defendants request; and (3) counsel raised frivolous objection to application of career offender enhancement, and failure to motion for evidentiary hearing, after objection is ineffective.  See Docket No. 1, p. 9.

of the career offender provision in the PSR and at sentencing.  The Court denied that objection, and

Feather's attorney appealed that decision to the Eighth Circuit.  Under the current state of the law

in the Eighth Circuit, and as it was at the time of Feather's sentencing, the application of the career

offender provision was appropriate.  As a result, Feather is unable to prove either element required

to prevail on an ineffective assistance of counsel claim.


**III.    CONCLUSION**

For the reasons set forth above, the Court **GRANTS**, in part, the Defendant's Motion to

Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255.  (Docket No. 34).  The Court directs

the Clerk of Court to amend the judgment to reflect a sentence of 120-months imprisonment on each

of Counts Two, Three and Four, with each sentence to run concurrent with the 180-month sentence

on Count One.

**IT IS SO ORDERED**

Dated this 3rd day of March, 2006.

Daniel L. Hovland, Chief Judge
United States District Court

13